UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO. 21-CR-677 (TSC)

UNITED STATES of AMERICA,

    Plaintiff,

v.

MOISES ROMERO,

    Defendant.
_____ /

## DEFENDANT'S SENTENCING MEMORANDUM
## AND REQUEST FOR VARIANCE

COMES NOW, the Defendant, Moises Romero (hereinafter referred to as "Romero"), by and through undersigned counsel, and files the following Sentencing Memorandum setting forth all factors the Court should consider in determining the type and length of sentence that is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a) to include, retribution, deterrence, incapacitation and rehabilitation and in conjunction with *United States v. Booker*, 543 U.S. 220 (2005). The Defendant, through counsel also requests this Court to vary downward from the advisory sentencing guidelines in this case.

## PROCEDURAL HISTORY

The Defendant was charged by Indictment dated November 17, 2021 with Count I. Civil Disorder, in violation of 18 USC §231(a)(3); Count II. Entering and Remaining in a Restricted Building or Grounds, in violation of 18 USC § 1752(a)(1); Count III. Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 USC § 1752(a)(2); Count IV. Disorderly Conduct in a Capitol Building, in violation of 40 USC § 5104(e)(2)(D); and Count V.

Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 USC § 5104(e)(2)(G). On March 16, 2022, this Court, pursuant to a plea agreement entered into by the Government and Romero, accepted Romero's guilty plea to Count I. of the Indictment.

A Presentence Investigative Report ("PSR") was conducted by Crystal S. Lustig, United States Probation. The PSR was filed on June 16, 2022 and neither the Defense nor the Government filed any objections.

## PSR FINDINGS AND GUIDELINE RANGE

The PSR calculated Romero's total offense level to be 11. That determination was based upon a base offense level of 10 since the offense involved obstruction or impeding an officer. Romero received a three (3) level increase pursuant to §2A2.4(b)(1) because the offense involved physical contact, to wit: the Defendant was part of a larger group that pushed through the barriers set up by the USCP. Pursuant to § 3E1.1(a), Romero received a two-level reduction based upon his Acceptance of Responsibility.

## CRIMINAL HISTORY

The PSR concluded that Romero had no prior criminal history and as such, he falls into Criminal History Category I.

## APPROPRIATE GUIDELINE RANGE

Based upon Romero's total offense level of 11 and a Criminal History Category I, the guideline imprisonment range is 8-14 months.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The Defendant is 29 years old who was born in New Jersey. He is the youngest of three children and remained in New Jersey until he was two years old when his parents divorced. At that time, he moved with his siblings and mom to Florida. Romero saw his father

approximately once a year after the divorce and does not currently have a close relationship with him.   Despite the strained relationship with his father, Romero indicated he had a normal childhood and that his mother did a great job raising him.   His sister Wendy, age 35, is a teacher for children with special needs.   His brother, Michael, age 34, is unemployed and suffers from schizoaffective disorder and psychosis.

Romero attained his Associate Degree in Nursing in 2014 and a Bachelor of Science in Nursing in May 2017 from the Southern Adventist University in Collegedale, Tennessee.   He immediately began working as a nurse in Tennessee and then moved to Orlando in 2017.   He worked as RN in Orlando until July 2019 when he relocated to South Florida to live with his mom and siblings.   The main reason for Romero moving back to Florida was to assist his family and taking care of his brother.   Romero's mother indicated that having him back in the home helped immensely and that he is very good with his brother.   Romero is currently responsible for managing his brother's medications and antipsychotic injections.

In 2019 Romero enrolled in a Nurse Practitioner program at Nova Southeastern University, specializing in Psychiatry.   Unfortunately, Romero was expelled from the program with only two semesters left following the instant offense for violating the university's social media policy.

The Defendant reports that he is in good physical health.   Romero revealed during his PSR interview that has been diagnosed with attention deficit hyperactivity disorder (ADHD) and is prescribed Adderall, which he takes as prescribed.   His mother indicated he suffered from anxiety and panic attacks as early as age two.

The Defendant indicated he began smoking marijuana at eighteen and smoking daily until age twenty-four.   At the time of his arrest, he was inhaling marijuana via vaping cartridges.   As

a condition of his release, Romero was ordered to enroll in outpatient substance abuse treatment and completed the 12-week program on February 9, 2022. It appears Romero benefitted from his treatment and further treatment is unnecessary.

## **DEFENDANT'S REQUEST FOR VARIANCE UNDER 18 U.S.C. §3553(a)**

The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are "the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. §3553(a)(2).

In determining "the particular sentence to be imposed," the Court must consider these purposes and several factors. The factors to be considered are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentences available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable.  18 U.S.C. §3553(a)(1), (a)(3), (a)(5)-(7).

Neither the statute itself nor Booker suggests that any one of these factors is to be given greater weight than any other factor. However, it is important to remember that all factors are subservient to Section §3553's mandate to impose a sentence not greater than necessary to comply with the four (4) purposes of sentencing.

Understanding the seriousness of the offense, the defense believes that after consideration of the §3553 factors that a variance from the recommended imprisonment range of 8 to 14 months is appropriate to comply with the purposes set forth in paragraph 2.   As set forth in §3553(a), specifically the Defendant's characteristics, the overwhelming good he has done in his life and career, mental health issues and the unlikelihood of him to re-offend, the goals of sentencing can be achieved with a sentence below the recommended imprisonment range or probation.   Mr. Romero has accepted responsibility for his actions and understands that his poor judgement and decision making led to his current legal situation.

The Defendant agreed to cooperate with the Government and was interviewed by federal agents on January 13, 2022.   Unfortunately, due to the fact that Mr. Romero traveled to Washington, D.C. on his own, he was unable to assist the Government in identifying other individual's unknown to the Government at the time of his debrief.

Romero was released on personal recognizance and ordered to report to pretrial services. He has continued to report to the U.S. Probation office in the Southern District of Florida as directed and has not violated the conditions of pretrial release.   Romero was granted permission to travel to Tennessee from February 2, 2002 through February 7, 2022 and to Orlando, Florida from March 6, 2002 to March 9, 2022.   Both times Romero returned to the jurisdiction without incident.

## STIGMA OF BEING A CONVICTED FELON

Romero recognizes that, when accepting responsibility for his own actions and conduct, this has resulted in him being classified as a convicted felon.   His conviction will have devasting effects for his career as he will not be able to hold a professional license in nursing and will not be able to work in the field that he clearly loves so much and one that he has worked so hard to

attain.  It is clear from all the letters attached that the Defendant has touched not only people he has cared for in his career but also those he has worked with along the way.  He recognizes that the unfortunate consequences of his own actions have resulted in irreparable damage to his reputation.  There is no question that the consequences of Romero's actions will carry on with him long beyond whatever sentence this Court imposes as "reasonable".  It is because of this that, Romero has effectively begun the rehabilitative process and effectively accepted the consequences of his actions.  In accepting responsibility and the consequences of his actions, Romero is still optimistic for his future and hopes to be able to someday work in the field of nursing again so that he can help people.  Romero is a hard-working person who can overcome barriers and has the motivation and perseverance to achieve success and provide for his family.  Throughout the pendency of this investigation and case, Romero was able to maintain employment.

## **THE DEFENDANT HAS AN EXCEPTIONALLY LOW RISK OF RECIDIVISM**

The Defendant stands before the Court a humble man ready to accept the consequences for his actions and looks forward to the future.   The letters of support describe a man who is committed to his family, career and helping others.   The letters describe how the Defendant is remorseful for his actions but also indicate his determination to move forward in life and that he will not allow himself to ever be in trouble again.   While Romero cannot change what he has done, he has learned from this experience over the last year and shows no warning signs of potential recidivism.   Romero has taken the substantial steps in this matter in accepting responsibility and beginning the rehabilitation process.

## **NEED TO AVOID UNWARRANTED SENTENCE DISPARITY**

One of the factors the Court shall consider in determining the appropriate sentence is,

"the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct".  *See* 18 U.S.C. §3553(a)(6)

In that regard, when the Court considers all the other factors surrounding Romero, it is his hope this Honorable Court will find that his request for a variance from the guidelines is appropriate and supported by the facts of this case.   Further, the Defendant asks the Court to consider the sentences in other Defendant's cases in determining a fair and just sentence in this case.

## CONCLUSION

Based on the foregoing, Romero respectfully moves this Honorable Court to grant the Defendant's request for a variance.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 27, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,

S/*Todd A. Onore*

Todd A. Onore, Esquire
Attorney for the Defendant
Florida Bar No: 174610
1209 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Tel (954) 524-3800
Fax (954) 524-3880,
tonore@bellsouth.net